# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN S. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00026-SEP |
| ) | |
| REGINA L.L. WELLS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Karen S. Jones's motion for leave to proceed *in forma pauperis*. Doc. [2]. After reviewing the motion and submitted financial materials, the Court will grant the motion. 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice, *see* 28 U.S.C. § 1915(e)(2)(B), and deny Jones's motion to appoint counsel, Doc. [3], as moot.

### LEGAL STANDARD

The Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft*, 556 at 678) (internal quotation marks omitted).

The Court must give a complaint reviewed under 28 U.S.C. § 1915(e)(2) a liberal construction. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015 ). A "liberal construction" means that if the essence of an allegation is discernible, the Court should construe the complaint in a manner permitting the claim to be considered within the proper legal framework. *Id.* A liberal construction does not excuse

a plaintiff from alleging sufficient facts to support a claim for relief. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (Federal courts need not "assume facts that are not alleged[] just because an additional factual allegation would have formed a stronger complaint").

## THE COMPLAINT

Jones filed this 42 U.S.C. § 1983[1] action against Regina L.L. Wells and the Stange Law Firm PC, Doc. [1] at 2, alleging that the Defendants engaged in legal malpractice and violated Missouri's rules of professional conduct. *Id.* at 6-7.

In November of 2019, Jones employed Regina Wells, a partner at the Stange Law Firm, to file a brief in an appeal of an adoption decision. *Id.* at 6-7. Wells represented to Jones that Wells could meet the "tight deadlines" for the brief, but ultimately failed to file the brief in timely fashion. *Id.* at 6. Jones alleges that the Stange Law Firm wrongfully refused to assign another attorney to the case and allowed Wells to "block any legal help" to which Jones was entitled, even though other attorneys were available. *Id.* at 7. Had Wells written and filed a timely brief, Jones claims, the Missouri Court of Appeals would have reversed or remanded the adoption decision yielding an outcome more favorable to Jones. *Id.* at 7. Jones asserts that Well's conduct violated many of Missouri's rules of professional conduct and that Well's entered a state law criminal conspiracy.[2] *Id.* at 6. As a remedy, Jones seeks an order directing the Missouri Court of Appeals to remand the case, restitution of fees, and $200,000 in compensatory and punitive damages for "emotional distress, mental anguish, [and] humiliation." *Id.* at 7.

## DISCUSSION

### I. Jones has not alleged that Defendants acted "under color of state law."

"To state a claim under § 1983, a plaintiff must allege a violation secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Broussard v. Waldron Sch. Dist.*, 866 F. Supp. 2d 1042, 1046-47 (W.D.

---

[1] Jones also asserts that the Court has jurisdiction under the Civil Rights Act of 1964, the United States Constitution, the Fifth and Fourteenth Amendments, and 18 U.S.C. § 242 (which is a criminal statute regarding the deprivation of rights under the color of law). Doc. [1] at 3. As Jones is clearly asserting that her constitutional rights were allegedly violated by defendants acting under color of law, the Court has construed the complaint as arising under 42 U.S.C. § 1983.

[2] Specifically, Jones claims that Well's violated Mo. Sup. Ct. R. 4-1.3 (Diligence), 4-1.3 (Communication), 4-1.7 (Conflict of Interest), 4-8.3 (Professional Misconduct), and 4.7-1 (Communication Concerning a Lawyer's Services). *Id.* at 6. She also claims that Wells violated Mo. Rev. Stat. § 562.014, which defines the offense of criminal conspiracy under Missouri law. *Id.*

Ark. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also* 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)). A private person engages in acts "under color of state law" when he or she "is a willful participant in joint activity with the State or its agents in denying a plaintiff's constitutional rights." *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (internal quotation marks omitted).

Jones has not alleged that either Wells or Stange Law Firm PC were "willful participant[s] in joint activity with the State or its agents," when they engaged in their allegedly wrongful actions. *See id* (quoting *Adickes*, 398 U.S. at 152). Jones alleges that Wells, a private attorney, violated various rules of professional conduct and engaged in malpractice while representing Jones in an adoption case. Doc. [1] at 6-7. She also alleges that the Stange Law Firm violated professional duties by failing to assign another attorney and allowing Wells to "block" Jones from obtaining legal assistance. *Id.* at 7. She makes no allegation that Wells or the Stange Law Firm were acting pursuant to state authority. Thus, these allegations, taken as true, fail to show that Wells or the Stange Law Firm acted "under color of state law" as required for a valid § 1983 claim. Because Jones fails to state a claim for relief, the Court will dismiss the case without prejudice.

**II.     Jones's Motion to Appoint Counsel is moot.**

Jones has also filed a motion to appoint counsel. Doc. [3]. Because the Court will dismiss the case without prejudice, the Court will also deny Jones's motion to appoint counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Doc. [3], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of May, 2022.

                                                    SARAH E. PITLYK
                                                    UNITED STATES DISTRICT JUDGE